JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777

Attorneys for Plaintiff,
Howard B. Grobstein, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:19-bk-10528-WJ |
| KLINTON, INC., a California corporation, | Chapter 7 |
| Debtor. | Adv. No.: 6:24-ap-_____-WJ |
| | **COMPLAINT TO:** |
| HOWARD B. GROBSTEIN, Chapter 7 Trustee, | **1) AVOID AND RECOVER PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 544(b) and 550, and FEDERAL DEBT COLLECTION PROCEDURES ACT OF 1990 (FDCPA), 28 U.S.C. §§ 3001, *ET SEQ.*** |
| Plaintiff, | |
| vs. | **2) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550, and CAL. CIV. CODE § 3439.04(a)(1) AND 3439.07;** |
| LEENA MEHTAR, an individual; DANNA MEHTAR, an individual; LDZJ FAMILY LIMITED PARTNERSHIP, a California limited partnership; AND MOHAMMED NAJI, an individual, | **3) TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548(a)(1)(B), and CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05(a), and 3439.07; and** |
| Defendants. | **4) TO PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. §551** |

**TO DEFENDANTS LEENA MEHTAR, DANNA MEHTAR, LDZJ FAMILY LIMITED**

**PARTNERSHIP, MOHAMMED NAJI, AND THEIR COUNSEL, IF ANY:**

Plaintiff Howard B. Grobstein, the duly appointed, qualified and acting Chapter 7

trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Klinton, Inc., a

California corporation ("Debtor"), hereby files this *Complaint to: (1) Avoid and Recover*

*Preferential Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and Federal Debt*

*Collection Procedures Act Of 1990 (FDCPA), 28 U.S.C. §§ 3001, Et Seq.; (2) Avoid and*

*Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550,*

*and Cal. Civ. Code § 3439.04(a)(1) and 3439.07; (3) Avoid and Recover Transfer*

*Pursuant to 11 U.S.C. §§ 544, 548(a)(1)(B) and 550, and Cal. Civ. Code §§*

*3439.04(a)(2), 3439.05(a), and 3439.07; and (4) Preserve Transfers for the Benefit of*

*the Estate Pursuant to 11 U.S.C. § 551* ("Complaint") against Leena Mehtar ("Leena"),

Danna Mehtar ("Danna"), LDZJ Family Limited Partnership ("LDZJ"), and Mohammed

Naji ("Naji") (collectively, the "Defendants"), and alleges that:

## REQUIRED PLEADING DISCLOSURE

1.      In accordance with the requirements of Local Bankruptcy Rule 7008-1, the

Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a

core proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to

property which may be property of the Debtor and therefore property of the Estate.

Regardless of whether the claims for relief are core or non-core, Plaintiff hereby

consents to the entry of final orders and judgment by the Bankruptcy Court, except as

may be precluded by applicable law.  Defendants are hereby notified that Fed. R. Bankr.

P. 7008 requires Defendants to plead whether consent is given to the entry of final

orders and judgment by the Court.

## STATEMENT OF JURISDICTION AND PROCEEDINGS

2.      The Bankruptcy Court has jurisdiction over this adversary proceeding

pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), 11 U.S.C. §§ 105, 548, 550, and 551,

and General Order No. 13-05 of the District Court for the Central District of California,

because this is a core proceeding under 28 U.S.C. §§ 157(b)(1) (b)(2)(A), (F), (H), and (O).

3.      Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this is a proceeding arising in and/or related to the bankruptcy estate of the Debtor currently pending in the Riverside Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"), the Honorable Wayne Johnson presiding.  Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in the Central District of California as the acts and conduct complained of herein took place within this district.  Accordingly, this Court has personal jurisdiction over the Defendants.

4.      On January 22, 2019 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code commencing the related bankruptcy case ("Bankruptcy Case") designated case number 6:19-bk-10528-WJ.

**STATEMENT OF STANDING**

5.      Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 323, 544, 548, 550, and 551.

**PARTIES TO THE ACTION**

6.      Plaintiff is the duly appointed, qualified and acting Chapter 7 trustee for the Debtor's Estate, and brings this action for the benefit of Debtor's Estate and Debtor's creditors.  This action is brought by Plaintiff in his representative capacity only.  To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in the case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

7.      Plaintiff is informed and believes, and based thereon alleges that Leena is an individual residing in the city of Corona, California, in Riverside County.  Plaintiff is
/ / /

informed and believes and based thereon alleges that Leena is Danna's sister, a member of LDZJ, and Hassan Mehtar's ("Hassan") daughter.

8.      Plaintiff is informed and believes, and based thereon alleges that Danna is an individual residing in the city of Corona, California, in Riverside County.  Plaintiff is informed and believes and based thereon alleges that Danna is Leena's sister, a member of LDZJ, and Hassan's daughter.

9.      Plaintiff is informed and believes and based thereon alleges that LDZJ is a California limited partnership with a principal place of business in Corona, California, in Riverside County.  Plaintiff is informed and believes, and based thereon alleges that Leena and Danna are partners of LDZJ.

10.      Plaintiff is informed and believes and based thereon alleges that Naji is an individual residing in the city of Glendora, California, in Los Angeles County.

## GENERAL ALLEGATIONS

11.      Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 10 as though fully set forth herein.

12.      Plaintiff is informed and believes and based thereon alleges that Debtor was formed in or about January 5, 2015.

13.      Plaintiff is informed and believes and based thereon alleges that Naji is a shareholder and equity owner of the Debtor.

14.      Plaintiff is informed and believes and based thereon alleges that Hassan is, or was, an equity owner of the Debtor.

15.      Plaintiff is informed and believes and based thereon alleges that Naji and Hassan are, or were, business partners in connection with the Debtor and the Bear Creek Car Wash.

16.      Plaintiff is informed and believes and based thereon alleges that pre-petition, the Debtor purchased the Bear Creek Car Wash.  Plaintiff is further informed and believes and based thereon alleges that Hassan was the manager of the Bear Creek Car Wash.

17. Plaintiff is informed and believes and based thereon alleges that the Bear Creek Car Wash was the Debtor's only asset.

18. Plaintiff is informed and believes and based thereon alleges that on or about March 17, 2017, James Anthony Sanchez, Jr., Alejandro Teran, and Felix Castillo, Jr., individually and on behalf of all other aggrieved employees and former employees commenced a lawsuit against Debtor and Does 1-25 in Riverside Superior Court, Case Number MCC1700272 (the "Labor Action").

19. Plaintiff is informed and believes and based thereon alleges that on or about August 17, 2017, Bear Creek Car Wash was sold to Samer Mehtar ("Samer") for $500,000.00. Plaintiff is further informed and believes and based thereon alleges that Samer is Hassan's brother.

20. Plaintiff is informed and believes and based thereon alleges that the $500,000.00 was wire transferred into Debtor's bank account on or about August 17, 2017.

21. Plaintiff is informed and believes and based thereon alleges that on that same day, Hassan withdrew $225,000.00 from Debtor's bank account and the entire amount was deposited into an account held by LDZJ (the "LDZJ Transfer").

22. Plaintiff is informed and believes and based thereon alleges that the Debtor owed Hassan money on or before the date he withdrew $225,000.00 from the Debtor's bank account.

23. Plaintiff is informed and believes and based thereon alleges that LDZJ has no connection to Debtor and is a separate partnership owned by Leena and Danna and their other two sisters.

24. On October 7, 2020 and November 19, 2020, Plaintiff's counsel conducted a Federal Rule of Bankruptcy Procedure ("Rule") 2004 examination of Leena.

25. At her Rule 2004 exam, Leena testified that she lent $100,000.00 to Hassan from her school financial aid and the LDZJ Transfer was repayment of the loan(s), but Leena could not produce any evidence of a loan to Hassan.

4

26.    From the LDZJ Transfer, Leena testified that on or about August 22, 2017, she lent Naji $100,000.00 ("Naji Transfer #2") for his family in Jordan and/or Syria. Plaintiff is informed and believes and on that basis alleges that the loan was paid to Naji by way of cashier's check drawn from the LDZJ account.

27.    Plaintiff is informed and believes and based thereon alleges Leena claims LDZJ paid some of the Debtor's expenses with the LDZJ Transfer.

28.    Plaintiff is informed and believes and based thereon alleges that little or none of the Debtor's expenses or liabilities were paid by LDZJ, its partners, or any other individual or entity on its behalf, and was instead used to pay the personal expenses of Leena and Danna ("Leena and Danna Transfers") as well as fund the loan to Naji.

29.    Plaintiff is informed and believes and based thereon alleges that none of the LDZJ Transfer was ever returned to Debtor.

30.    On January 17, 2020, Plaintiff's counsel conducted a Rule 2004 examination of Naji.

31.    At this Rule 2004 examination, Naji testified that after discovering Hassan had withdrawn $225,000.00, Naji withdrew $257,000.00 from Debtor's bank account (the "Naji Transfer").

32.    Plaintiff is informed and believes and based thereon alleges that the Debtor owed Naji money on or before the date he withdrew $257,000.00 from the Debtor's bank account.

33.    Plaintiff is informed and believes and based thereon alleges Naji claims he paid some of the Debtor's expenses with the Naji Transfer.

34.    Plaintiff is informed and believes and based thereon alleges that little or none of the Debtor's expenses and liabilities were paid by Naji or any other individual or entity on his behalf.

35.    Plaintiff is informed and believes and based thereon alleges that Debtor owed the Internal Revenue Service ("IRS") money for the tax periods ending December

/ / /

31, 2015, December 31, 2018 and December 31, 2019 and said taxes remained due and owing on the Petition Date.

36.    Plaintiff is informed and believes and based thereon alleges that the Labor Action was dismissed with prejudice as against Debtor on March 6, 2024.

## FIRST CLAIM FOR RELIEF

**(To Avoid and Recover Preferential Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3001, et seq.)**
**(Against All Defendants)**

37.    Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 36 as though fully set forth herein.

38.    The proceeds from the sale of the Bear Creek Car Wash and any other funds in the bank account of the Debtor constitute the Debtor's property.

39.    Plaintiff is informed and believes and based thereon alleges that there were transfers of an interest of the Debtor in property when Hassan withdrew $225,000 (defined above as "LDZJ Transfer") and Naji withdrew $257,000.00 (defined above as "Naji Transfer") from Debtor's bank account.

40.    Plaintiff is informed and believes and based thereon alleges that there were transfers of an interest of the Debtor in property when Leena and Danna paid personal expenses from the LDZJ Transfer (defined above as "Leena and Danna Transfers").

41.    Plaintiff is informed and believes and based thereon alleges that there were transfers of an interest of the Debtor in property when LDZJ transferred $100,000 to Naji (defined above as "Naji Transfer #2").

42.    Plaintiff is informed and believes and based thereon alleges that the Naji Transfer and Naji Transfer #2, the LDZJ Transfer, and the Leena and Danna Transfers (collectively, the "Transfers") were made during the two-year period preceding the Petition Date.

43.    Plaintiff brings this claim under 11 U.S.C. § 544(b) to avoid the Transfers on behalf of one or more unsecured creditors of Debtor.

44.     Plaintiff is informed and believes and based thereon alleges that the LDZJ Transfer was made in favor of Hassan, an insider of Debtor, and subsequently transferred to LDZJ.

45.     Plaintiff is informed and believes and based thereon alleges that the Naji Transfer was made in favor of Naji, an insider of Debtor.

46.     Plaintiff is informed and believes and based thereon alleges that at the time of the LDZJ Transfer and the Naji Transfer, Debtor was insolvent and/or was rendered insolvent by virtue of the LDZJ Transfer and the Naji Transfer.

47.     Plaintiff is informed and believes and based thereon alleges that the LDZJ Transfer was made on account of an antecedent debt owed to Hassan by Debtor.

48.     Plaintiff is informed and believes and based thereon alleges that the Naji Transfer was made on account of an antecedent debt owed to Naji by Debtor.

49.     Plaintiff is informed and believes and based thereon alleges that Hassan and Naji knew, or had reasonable cause to know, that Debtor was insolvent.

50.     Plaintiff is informed and believes and based thereon alleges that the IRS was a creditor at the time of the LDZJ Transfer and the Naji Transfer.

51.     Plaintiff is informed and believes and based thereon alleges that at the time of the LDZJ Transfer and the Naji Transfer, Debtor had been sued or threatened with suit.

52.     Plaintiff is informed and believes and based thereon on alleges that the IRS was harmed as a result of the LDZJ Transfer and Naji Transfer and Debtor's conduct was a substantial factor in causing such harm.

53.     Plaintiff is informed and believes and based thereon alleges that LDZJ, Leena, Danna and Naji are subsequent transferees of the LDZJ Transfer.

54.     Plaintiff is informed and believes and based thereon alleges that LDZJ, Leena, Danna and Naji did not take the LDZJ Transfer, or any portion thereof, for value, in good faith or without knowledge of the voidability of the LDZJ Transfer and, therefore, are liable as subsequent transferees under 11 U.S.C. § 550(a).

55. Accordingly, the Transfers should be avoided pursuant to 11 U.S.C. §§ 544(b) and 550(a), 28 U.S.C. §§ 3306 and 3304(a)(2) of the FDCPA, or, alternatively, the value of the Transfers, for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## <u>SECOND CLAIM FOR RELIEF</u>

**(To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A), and 550, and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07) (Against All Defendants)**

56. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff is informed and believes and based thereon alleges that the Transfers were made during the two-year period preceding the Petition Date.

58. Plaintiff is informed and believes and based thereon alleges that unsecured creditors of Debtor existed at the time of the Transfers and that Debtor's obligations to those unsecured creditors remained unpaid as of the Petition Date.

59. Plaintiff brings this claim under 11 U.S.C. § 544(b) to avoid the Transfers on behalf of one or more unsecured creditors of Debtor.

60. Plaintiff is informed and believes and based thereon alleges that the Transfers were made with the actual intent to hinder, delay or defraud individuals and entities to which Debtor was or became indebted, on or after the date the Transfers were made.

61. Plaintiff is informed and believes and based thereon alleges that the Defendants did not take the Transfers in good faith and/or did not give Debtor reasonably equivalent value in exchange for the Transfers.

62. Plaintiff is informed and believes and based thereon alleges that LDZJ, Leena, Danna and Naji are subsequent transferees of the LDZJ Transfer.

63. Plaintiff is informed and believes and based thereon alleges that LDZJ, Leena, Danna and Naji did not take the LDZJ Transfer, or any portion thereof, for value, in good faith or without knowledge of the voidability of the LDZJ Transfer and, therefore, are liable as subsequent transferees under 11 U.S.C. § 550(a).

64.    Accordingly, the Transfers are avoidable, and Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550, and California Civil Code § 3439.04(a)(1), or the value of the Transfers, for the benefit of the Estate pursuant to 11 U.S.C. § 550 and California Civil Code § 3439.07.

## THIRD CLAIM FOR RELIEF

**(To Avoid and Recovery Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B), and 550, and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05(a), and 3439.07) (Against All Defendants)**

65.    Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 64 as though fully set forth herein.

66.    Plaintiff is informed and believes and based thereon alleges that the Transfers were made during the two-year period preceding the Petition Date.

67.    Plaintiff is informed and believes and based thereon alleges that unsecured creditors of Debtor existed at the time of the Transfers and that Debtor's obligations to those unsecured creditors remained unpaid as of the Petition Date.

68.    Plaintiff brings this claim under 11 U.S.C. § 544(b) to avoid the Transfers on behalf of one or more unsecured creditors of Debtor.

69.    Plaintiff is informed and believes, and based thereon alleges that Debtor received less than reasonably equivalent value in exchange for the Transfers.

70.    Plaintiff is informed and believes, and based thereon alleges that Debtor was insolvent at the time of the Transfers and/or was rendered insolvent by virtue of the Transfers.

71.    Plaintiff is informed and believes and based thereon alleges that at the time of the Transfers, Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or transaction.

72.    Plaintiff is informed and believes and based thereon alleges that at the time of the Transfers, Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

73.    Plaintiff is informed and believes and based thereon alleges that LDZJ, Leena, Danna and Naji are subsequent transferees of the LDZJ Transfer.

74.    Plaintiff is informed and believes and based thereon alleges that LDZJ, Leena, Danna and Naji did not take the LDZJ Transfer, or any portion thereof, for value, in good faith or without knowledge of the voidability of the LDZJ Transfer and, therefore, are liable as subsequent transferees under 11 U.S.C. § 550(a).

75.    By reason of the foregoing, the Transfers are avoidable, and Plaintiff is entitled to judgment setting aside the Transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550, and California Civil Code §§ 3439.04(a)(2) and 3439.05(a), or the value of the Transfers, for the benefit of the Estate pursuant to 11 U.S.C. § 550 and California Civil Code § 3439.07.

### FOURTH CLAIM FOR RELIEF

### (To Preserve Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 551)

76.    Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 75 as though fully set forth herein.

77.    Pursuant to 11 U.S.C. §§ 548 and 550, and California Civil Code §§ 3439.04(a)(1), (a)(2) and 3439.05(a), the Transfers are avoidable.

78.    Pursuant to 11 U.S.C. § 551, if the Transfers are avoided, the Transfers are preserved for the benefit of the Estate.

79.    By reason of the foregoing, Plaintiff is entitled to judgment preserving the avoided Transfers for the benefit of the Estate.

**WHEREFORE**, Plaintiff prays that this Court enter a judgment against the Defendants as follows:

### On the First Claim for Relief

1.    Avoiding the Transfers pursuant to 11 U.S.C. §§ 544(b) and 550, 28 U.S.C. §§ 3306 and 3304(a)(2) of the FDCPA, or any other applicable statutes,

/ / /

/ / /

2.      Declaring the Transfers to be annulled and rendered void as a preference, and for recovery of the Transfers, or the value thereof, from the Defendants for the benefit of the Estate;

### On the Second Claim for Relief

3.      Avoiding the Transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550, and Cal. Civ. Code §§ 3439.04(a)(1), or any other applicable statutes,

4.      Declaring the Transfers to be annulled and rendered void as fraudulent transfers, and for recovery of the Transfers, or the value thereof, from the Defendants for the benefit of the Estate;

### On the Third Claim for Relief

5.      Avoiding the Transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550, and Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05(a), or any other applicable statutes,

6.      Declaring the Transfers to be annulled and rendered void as fraudulent transfers, and for recovery of the Transfers, or the value thereof, from the Defendants for the benefit of the Estate;

### On the Fourth Claim for Relief

7.      Preserving the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551;

### On All Claims for Relief

8.      For pre-judgment and post-judgment interest at the maximum legal rate;

9.      For Plaintiff's attorneys' fees and costs; and

10.      For such other and further relief as the Court deems just and proper.

DATED:  June 4, 2024                    **MARGULIES FAITH, LLP**

By: _/s/ Jeremy W. Faith_
Jeremy W. Faith
Attorney for Plaintiff,
Howard B. Grobstein, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **Complaint for: 1) Avoid and Recover Preferential Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. §§ 3001, et seq. 2) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550, and Cal. Civ. Code § 3439.04(a)(1) and 3439.07; 3) To Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 544, 548(a)(1)(B), and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05(a), and 3439.07; and 4) To Preserve Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. §551** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 4, 2024,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **June 4, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will</u> <u>be completed</u> no later than 24 hours after the document is filed.

<u>**JUDGE:**</u> Hon. Wayne Johnson, U.S. Bankruptcy Court, 3420 Twelfth Street, Suite 384, Riverside, CA 92501

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 4, 2024 | Vicky Castrellon | /s/ Vicky Castrellon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## ADDITIONAL SERVICE INFORMATION:

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

**Ori S Blumenfeld on behalf of Interested Party Courtesy NEF**
oblumenfeld@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com

**Sunil A Brahmbhatt on behalf of Defendant LDZJ Family Limited Partnership**
sunillaw@yahoo.com, G22121@notify.cincompass.com

**Sunil A Brahmbhatt on behalf of Defendant Danna Mehtar**
sunillaw@yahoo.com, G22121@notify.cincompass.com

**Sunil A Brahmbhatt on behalf of Defendant Leena Mehtar**
sunillaw@yahoo.com, G22121@notify.cincompass.com

**Jeremy Faith on behalf of Plaintiff Howard B. Grobstein**
Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

**Jeremy Faith on behalf of Trustee Howard B Grobstein (TR)**
Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

**David M Goodrich on behalf of Interested Party Courtesy NEF**
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

**David M Goodrich on behalf of Interested Party David M. Goodrich**
dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

**Howard B Grobstein (TR)**
hbgtrustee@gtllp.com, C135@ecfcbis.com

**Sonja Hourany on behalf of Interested Party Courtesy NEF**
sonja.hourany@quinngroup.net, kadele@wgllp.com;lbracken@wgllp.com;shourany@ecf.courtdrive.com

**Matthew Malczynski on behalf of Defendant Mohammed Naji**
matt@glendoralaw.com, Laura@glendoralaw.com

**Sark Ohanian on behalf of Creditor Lisa Dyer**
sark@czrlaw.com

**Michael E Plotkin on behalf of Debtor KLINTON, INC, a California Corporation**
mepesq@earthlink.net, R58418@notify.bestcase.com

**Evan L Smith on behalf of Creditor James A. Sanchez, Jr.**
els@elsmithlaw.com

**United States Trustee (RS)**
ustpregion16.rs.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**